UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Alison Grace Haniszewski,

                            Plaintiff,

       v.

Commissioner of Social Security,

                            Defendant.

**Decision and Order**

19-CV-398 HBS
(Consent)

---

## I. INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 6, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 9, 13.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that she was not entitled to Supplemental Security Income under Title XVI of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II. DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.* "The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise.*" *Brault v. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citations omitted).

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other

2

kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry*, *supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry then the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the physical and mental demands of the work done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e).

3

The ALJ must then determine the individual's ability to return to past relevant work given the RFC. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Of the issues that plaintiff has raised, the one that draws the Court's immediate attention concerns the Appeals Council's rejection of records. The ALJ issued a decision on March 16, 2018. [114.] The ALJ found that plaintiff had the following severe impairments: degenerative disc disease; depression alternatively diagnosed as post-traumatic stress disorder ("PTSD"); anxiety; and bipolar disorder. [117.] After finding that plaintiff did not meet any medical listings, the ALJ decided that plaintiff had the RFC for light work with a number of exertional and non-exertional limitations. [119.] In reaching his decision about plaintiff's RFC, the ALJ cited a number of exhibits in the record but did not cite at all to plaintiff's mental health records from Horizon Health Services ("Horizon") (Ex. B2F), covering treatment from September 2014 to March 2015. After the ALJ's decision, plaintiff presented the Appeals Council with additional records from Horizon. [13–101.] A review of the record shows that they contain some treatment dates that postdate the ALJ's decision, the latest treatment appearing to have occurred on October 10, 2018. [75.] The records otherwise contain plaintiff's mental health history from as far back as 2009 through 2017, all dates that preceded the date of the ALJ's decision. [20.] Nonetheless, the Appeals Council rejected the additional records on the basis that the ALJ "decided your case through March 16, 2018. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you are disabled beginning on or before March 16, 2018." [6.] Plaintiff objects that the additional records reflect new treatment that provides insight into plaintiff's mental health during the relevant times that the ALJ considered. The Commissioner responds that, even if the ALJ were to consider the additional records, the records do not reflect plaintiff's functioning during the relevant period.

4

This case presents a close call, but plaintiff has the better argument here. The Commissioner, through the Appeals Council or otherwise, has the ability to review or to reopen a claim based on new and material evidence. *See* 42 U.S.C. § 405(g); 20 C.F.R §§ 404.970(a)(5), 416.1470(a)(5), 404.988(b), 416.1488(b), 404.989(a)(1), 416.1489(a)(1). "The Social Security Act provides that a court may order the Secretary to consider additional evidence, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. Thus, an appellant must show that the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. Finally, claimant must show (3) good cause for her failure to present the evidence earlier." *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988) (internal quotation marks and citations omitted). New and material evidence that at least has some origin during the relevant time period and that potentially affects the Commissioner's assessment of the claimant's overall condition should receive appropriate review. *See Pollard v. Halter*, 377 F.3d 183, 194 (2d Cir. 2004) (remand required where new evidence "may identify additional impairments which could reasonably be presumed to have been present") (internal quotation marks and citation omitted); *see also Tolany v. Heckler*, 756 F.2d 268, 272 (2d Cir. 1985) ("Here a treating physician has for the first time diagnosed a neurological cause of Tolany's serious condition, which had previously been assessed and treated only as a urological impairment. Her condition must now be assessed in relation to the neurological impairments listed in Appendix 1, §§ 11.00–11.19."). Here, the additional records indicate that on July 12, 2018, plaintiff "confirmed [her] prior lethality history."

5

[20.] That history included multiple suicide attempts dating back to her teenage years. [20.] The consultative psychiatric evaluation that received some weight from the ALJ mentioned only a denial of current suicidal ideation with a vague reference to thoughts of suicide in plaintiff's teenage years. [524.] *Cf. Ocasio v. Comm'r*, No. 18-CV-2472(KAM), 2020 WL 1989281, at *6 (E.D.N.Y. Apr. 25, 2020) ("In addition, the fact that Dr. Rybakov had been treating plaintiff weekly for over one year, and had concluded that plaintiff suffered from a host of psychological conditions, including major depressive disorder, opioid dependence in remission, and PTSD, should have prompted the ALJ to infer the existence of additional medical records underlying Dr. Rybakov's brief four-page assessment."); *Serafini v. Comm'r*, No. 18-CV-817 HBS, 2019 WL 5415852, at *3 (W.D.N.Y. Oct. 23, 2019) (remand needed to consider new records addressing medical conditions during relevant time period). The psychiatric evaluation on August 15, 2018 discusses plaintiff's history of PTSD and bipolar disorder, two conditions that the ALJ identified explicitly as severe impairments. [58.] These details plus others in the additional records do create a reasonable possibility that, at a minimum, the ALJ would have crafted plaintiff's RFC differently. *Cf., e.g., Torres v. Berryhill*, No. 16-CV-02354 (FB), 2018 WL 1440533, at *2 (E.D.N.Y. Mar. 22, 2018) (remand where new evidence showed that "Torres was repeatedly diagnosed with PTSD in the time between her application for benefits and her date last insured"). Plaintiff has shown good cause for the failure to present the evidence earlier to the extent that additional details emerged in 2018 about plaintiff's mental health history during the relevant time periods. Under these circumstances, remand would be appropriate for further review of all of the Horizon treatment notes that now appear in the record.

In ordering remand, the Court takes no position on whether the additional records should alter the Commissioner's final determination or what any alteration should be. The Court also

declines to address any of the other issues that the parties have raised. Upon remand, the Commissioner is free to revisit those issues as might be appropriate.

## III.  CONCLUSION

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 13). The Court grants plaintiff's cross-motion (Dkt. No. 9) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order. The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

                                                    __/s Hugh B. Scott_____
                                                    Hon. Hugh B. Scott
                                                    United States Magistrate Judge

DATED: May 27, 2020